s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s

| | | |
|---|---|---|
| NOREEN HEAD, | : | Case No. 3:21-CV-12634-RHC-APP |
| Plaintiff, | : | (Hon. Robert H. Cleland) |
| vs. | : | **STIPULATED PROTECTIVE ORDER** |
| DETROIT STOKER COMPANY, | : | |
| Defendant. | | |

s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s

Pursuant to the stipulation of Plaintiff Noreen Head and Defendant Detroit Stoker Company (the "Parties") and for good cause appearing therefore, the Court hereby enters the following protective order:

The provisions of this Stipulated Protective Order shall apply to: (i) the parties in this action; (ii) the Parties' attorneys of record and the attorneys' staffs (iii) any other person producing or disclosing material in this action who designates material as protected; and (iv) any other person who agrees to be bound by the terms of this Stipulated Protective Order. As used herein, "person" includes the named parties to the above-captioned case and others who have agreed to be bound by this Stipulated Protective Order.

1. No documents, responses to interrogatories, responses to requests for admission, deposition testimony, or any information contained therein (collectively "Litigation Material"), which a person serves, produces, or supplies in response to a subpoena, discovery request, deposition notice, or deposition question (collectively "produces") during any pretrial aspect of this

case shall be used for any purpose other than the litigation of this action or any related action between the parties or persons producing Litigation Material.

2. "Confidential Information" herein shall be defined as follows: (A) employee, personnel and/or supervisory files; and/or (B) documents related to the business or finances of any party or non-party; (C) any documents furnished by the producing person or information elicited from that person in discovery at depositions, by interrogatories, or otherwise, which such person, in good faith, believes would, if made public, adversely affect the privacy or business interests of the producing person (or its employees) or any other person or business entity and which the producing person believes in good faith would jeopardize its or another's properly protectable interest absent the protection provided herein by such designation and the producing person designates as Confidential when provided; and/or (D) any document or thing that a party reasonably and in good faith believes to contain confidential information that is not publicly available (such as research and development, commercial, or other sensitive information).

3. During the course of discovery in this case the parties and other persons have produced or will produce records, information and data which the producing person may deem to be "Confidential Information" as defined herein. The producing person may designate that Litigation Material as "CONFIDENTIAL" and subject it to the provisions of this Order by stamping or designating each page as "CONFIDENTIAL," either at the time of production or at some later date in advance of trial.

4. Absent the prior written consent of the producing person or the testifying witness, there shall be no disclosure of Litigation Material marked CONFIDENTIAL to anyone other than the following:

    a.    The parties and the parties' attorneys of record and the attorneys' staff;

      b.      Independent experts and consultants retained by attorneys for the parties in the preparation and presentation of the case;

      c.      The author or addressees on the document;

      d.      The Court, its staff members and Court reporters;

      e.      Deposition witnesses whose testimony is being taken with respect to the document or thing, or about the subject matter of the document or thing, who agree to abide by the terms of this Protective Order.

      f.      Anyone so authorized by the prior written consent of the producing party, or the person or witness designating the Litigation Material as CONFIDENTIAL.

5.      Before any person is given access to Confidential Material, that person must first execute a Certificate of Acknowledgment, the form of which is attached hereto. A copy of the certificate of acknowledgment shall be provided to the producing person.

6.      Notwithstanding any of the foregoing provisions, this Stipulated Protective Order has no effect upon, and its scope shall not extend to, any party's use of its own Confidential Information.

7.      With respect to testimony given at a deposition in this action, the testifying witness or any attorney participating in the deposition may designate portions of that testimony as CONFIDENTIAL and subject those portions to the provisions of this order by notifying all counsel, by no later than fifteen (15) days after receipt of the transcript of the deposition of the pages and lines of the transcript that reflect the CONFIDENTIAL testimony. Until fifteen (15) days after receipt of the transcript of the deposition, all parties shall treat the testimony as CONFIDENTIAL and subject to the provisions of this order; thereafter, the transcript shall be treated in the manner required by the designation made. The testifying witness and any attorney participating in the

6215883.1

deposition shall also have the option of designating portions of the deposition CONFIDENTIAL during the deposition itself, by so indicating on the record.

8. If a person deems or designates any document or information to be Confidential Information, and a party disagrees with such designation, the party may seek a judicial determination of the appropriateness of said designation of Confidential Information. Before filing any such motion, however, the Parties shall first attempt to resolve their disagreement without Court intervention.

All documents, testimony, and information designated as "CONFIDENTIAL" that are submitted to the Court Clerk as part of a motion or other paper shall be filed pursuant to Local Rule 5.3. A redacted copy of the motion or paper may be filed with the Court Clerk through the Court's electronic filing system and an unredacted copy of the motion or paper may be filed under seal.

An unsealed or unredacted copy of the confidential document, testimony, or information may be used for the judge's courtesy copy of the motion, but each page containing confidential information shall be marked in such a way that it clearly notifies the Court that the page contains confidential information that was filed pursuant to Local Rule 5.3. The judge's courtesy copy of the motion shall be sent directly to the Judge's chambers and not filed with the Court Clerk.

9. Any party or person for good cause may apply to the Court, by motion, for modification of or relief from the terms of this Stipulated Protective Order. However, the terms of this Stipulated Protective Order shall be strictly complied with until and unless the Court orders otherwise.

10. Any person to whom disclosure of CONFIDENTIAL Litigation Material is made shall be provided and required to read a copy of this Stipulated Protective Order before disclosure of such information to that person. The person must agree to abide by the terms of this Stipulated

Protective Order. Counsel for each party shall maintain a list of the names of all persons to whom it has disclosed CONFIDENTIAL Litigation Material.

11.     This Stipulated Protective Order, insofar as it restricts the communication and use of Confidential Litigation Material shall continue to be binding throughout and after the conclusion of this litigation, including any appeals. Within thirty (30) days of the conclusion of this litigation (including appeals), every party and person subject to the terms of this Stipulated Protective Order shall collect and either destroy or return to the producing party or person all Confidential Litigation Material obtained from the producing party or person, and all copies of such Confidential Litigation Material. Attorneys for the parties will certify in writing to the return or destruction and that all "working copies" (for example, those copies bearing marginal comment or highlighting) were destroyed by that attorney. Notwithstanding the foregoing, counsel for the parties need not return any Confidential Litigation Material that became a part of the Court's record in this action (by use as a trial exhibit, inclusion in a court filing, inclusion in the record on any appeal, or otherwise).

12.     If a Notice of Appeal is filed in this case, each party shall promptly designate which of the briefs or papers containing Confidential Litigation Material previously submitted to the Court are necessary for inclusion in the record to be considered on appeal, and copies of all such briefs or papers shall be filed under seal with the Clerk of Courts. The Clerk of Courts shall, subject to further order of the Court, maintain any such items under seal and submit them under seal to the Clerk of the Court of Appeals as part of the record of this case.

13.     Notwithstanding anything to the contrary contained in this Stipulated Protective Order, the obligations of secrecy, confidentiality, nondisclosure, and nonuse on the part of either party shall not apply to information which:

    a.      is already in the unrestricted and rightful possession of the non-designating

          party or in the public domain at the time of receipt;

    b.    becomes public knowledge after receipt through no fault of the non-designating party, the non-designating party's counsel, or any expert or consultant retained by the non-designating party; or

    c.    is transmitted to the non-designating party by a third party having no obligation to the designating party.

14.    This Stipulated Protective Order shall apply to copies, extracts and summaries of documents or deposition testimony designated as Confidential, and shall apply to portions of memoranda filed with the Court that relate to any such copies, tracts, summaries, documents, or deposition testimony.  Should the production or release of any Confidential Litigation Material filed with the Court in this action be sought by motion in any other case, the Court, or any party to this confidentiality agreement with knowledge of said motion, shall notify the parties to this action of such motion.

15.    Notwithstanding anything herein to the contrary, the use of information acquired independently of discovery in this litigation by proper means and not in a manner prohibited by the Uniform Trade Secrets Act shall not be restricted by the terms of this Stipulated Protective Order.

16.    Any inadvertent production of privilege or work product protected material shall not result in the waiver of any associated privilege (attorney-client privilege, work product doctrine, etc.).  However, the disclosure of any particular material shall cease to be "inadvertent" if the receiving party notifies the producing party of the disclosure and the producing party does not request the return of the privileged matter within 10 days.

17.    The terms of the Stipulated Protective Order shall survive and remain in full force

6215883.1

and effect after the termination of this lawsuit.

IT IS SO ORDERED.

Date:_ July 21, 2023                             ___s/Robert H. Cleland
                                                 Judge Robert H. Cleland

## CERTIFICATE OF ACKNOWLEDGEMENT

I acknowledge that Confidential Material is being disclosed to me pursuant to the terms and restrictions of the Stipulated Protective Order, dated _____, _____, entered in the above captioned action, and that I have been given a copy of and have read the Stipulated Protective Order, and agree to be bound by it, including paragraphs dealing with Litigation Material and information designated Confidential and paragraphs dealing with Confidential information designated

6215883.1

"ATTORNEYS' EYES ONLY." *Finally, I understand that notwithstanding the conclusion of the above-entitled action, including appeals, the provisions of the Stipulated Protective Order shall continue to be binding on me and that this Court retains jurisdiction over me for enforcement of the provisions of this Stipulated Protective Order.*

Date:_____

_____
[Signature]

_____
[Printed Name]

_____
[Address]

_____

6215883.1